IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| MICHAEL SCOTT, # 683064, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | Case No. 13-cv-1013-MJR |
| UNKNOWN PARTY, | ) |  |
| Defendant. | ) |  |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court on a motion for leave to proceed *in forma pauperis* ("IFP") brought by Plaintiff (Doc. 2). Plaintiff seeks leave to proceed IFP in this case without prepayment of the Court's usual $400.00 filing fee in a civil case.[1] *See* 28 U.S.C. § 1914(a).

Plaintiff is currently incarcerated at the William P. Clements Unit in Amarillo, Texas. He filed this *pro se* action using the pre-printed form from another court, designed for a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). However, he does not assert any violation of his constitutional rights, nor does he describe any connection with the Southern District of Illinois. In his motion for leave to proceed IFP, he acknowledges that he has had three previous lawsuits dismissed as frivolous, but asserts that "special circumstances" exist concerning an "emergency matter" and prays that he be allowed to proceed IFP (Doc. 2, p. 1).

Under 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or

---

[1] If a plaintiff is allowed to proceed IFP, the fee is $350.00, and does not include the recently added $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judical Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.

> appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Court documents are, of course, public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). Review of documents available through the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) discloses that Plaintiff has accumulated at least five "strikes" for filing frivolous lawsuits during his imprisonment. In *Scott v. Rodriguez*, Civil Action No. C-08-086 (S.D. Tex., Doc. 5, March 20, 2008), the Magistrate Judge documented five frivolous dismissals from 1997 through 2003, as well as four other cases dismissed because Plaintiff had previously "struck out." Further, Plaintiff's pleading in that case alleged that he had filed approximately 96 civil lawsuits between June 2004 and September 2006. *Id*. at p. 2. Because Plaintiff has more than three "strikes" for purposes of § 1915(g), he may not proceed IFP in this case unless he is under imminent danger of serious physical injury.

The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

In this case, Plaintiff's complaint, as well as Plaintiff's motion for leave to proceed IFP, are devoid of allegations that might lead the Court to conclude that Plaintiff is under imminent danger of serious physical injury. In the complaint, Plaintiff claims that he has:

> knowledge there is ex-federal government agents and other persons been [sic] hidden under the surface of the ground in area of Eastern Region of the United States by the Federal government. They are alive in a place that's been build [sic] under the ground. I like the Judge of the Court to arrange my personal presence be brought before him so I can tell the location where the persons been placed under the ground (Doc. 1, p. 3).

These are the sum total of Plaintiff's allegations. He makes no claim that he is personally in any physical danger, serious or otherwise. The motion for leave to proceed IFP states that his "emergency matter" is to give information to the Judge of the location of persons hidden under the ground (Doc. 2, p. 3). Based on the complaint and IFP motion, the Court concludes that Plaintiff has not shown that he is under imminent danger of serious physical injury so as to escape the "three-strikes" rule of § 1915(g). His motion to proceed IFP in this case (Doc. 2) is therefore **DENIED**.

Ordinarily, when denying a prisoner-plaintiff leave to proceed IFP, the Court will allow the lawsuit to continue if the Plaintiff pre-pays the $400.00 filing fee in full. However, in this case, the complaint is so patently delusional, frivolous, and without merit that it does not survive threshold review under 28 U.S.C. § 1915A. Pursuant to § 1915A, the Court is required to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant. Accordingly, this action is **DISMISSED with prejudice** as frivolous. Plaintiff is **ADVISED** that this dismissal shall count as another "strike" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00 remains due and payable. *See* 28 U.S.C.

§ 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). It is **further ORDERED** that Plaintiff shall pay the full filing fee of $400.00 for this action within **twenty-one (21) days** of the date of entry of this Order (on or before **December 26, 2013**).

Both the Southern District of Texas' description of Plaintiff's extensive filing activity, and the contents of Plaintiff's pleadings herein, indicate that he is a recreational litigator who has no hesitation in wasting the judicial resources of multiple district courts, despite his having "struck out" long ago. The courts of this Circuit will not tolerate this behavior. Plaintiff's litigation history leads this Court to conclude that a filing ban is appropriate, as he clearly has not been deterred by having struck out pursuant to § 1915(g). *See Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999) ("unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation") (citing *Support Sys. Intl, Inc. v. Mack,* 45 F.3d 185 (7th Cir. 1995)).

**IT IS THEREFORE ORDERED** that until such time as Plaintiff has paid the $400.00 filing fee for this action in full, Plaintiff Michael Scott, Texas Inmate No. 683064, is **BARRED** from filing any future action in this Court, and the Clerk is **DIRECTED** to return unfiled any papers that he submits. Exempt from this filing restriction are: a notice of appeal in this case (which shall result in the imposition of an additional $505.00 filing fee); a petition for a writ of habeas corpus IF Scott is confined in a location within the jurisdiction of this Court; and any papers sought to be filed by Scott in a civil or criminal case in which he is a party defendant. *See Mack,* 45 F.3d 185; *Newlin v. Helman,* 123 F.3d 429, 436-37 (7th Cir. 1997). In accordance with this precedent, Plaintiff may apply for modification or recission of this order not sooner than two years from the date of its entry, assuming that he fails to pay the balance of his $400.00 filing fee within that two years. Any papers submitted to the Court by Plaintiff while this filing

restriction is in place shall be accompanied by a copy of this order.

If Plaintiff wishes to appeal the dismissal of this case, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, because Plaintiff has "struck out" and has not shown that he is in imminent danger of serious physical injury, this Court will not grant him permission to proceed *in forma pauperis* on appeal. Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: December 3, 2013**

s/ MICHAEL J. REAGAN
United States District Judge